[No. B242742. Second Dist., Div. Five. Oct. 10, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURICE DEON MILES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II., III.A. and III.B.2. The title of part III. is to be published.

**COUNSEL**

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Robert M. Snider, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Maurice Deon Miles, appeals from a final judgment of conviction of firearm possession by a felon following a jury trial. (Pen. Code,[1] former § 12021, subd. (a)(1), now § 29800, subd. (a)(1); Stats 2010, ch. 711; Pen. Code, §§ 6, 667, subds. (b)–(i), 667.5, subd. (c)(9), 1170.12, 1192.7, subd. (c)(19).) Defendant had previously been convicted of robbery, a serious and violent felony. On July 19, 2012, defendant received a six-year state prison sentence. Defendant received 830 days of presentence credit, consisting of 415 days of actual custody and 415 days of conduct credits.

In the published portion of this opinion, we discuss defendant's award of presentence conduct credits. Defendant committed his crime prior to the October 1, 2011 effective date of the Criminal Justice Realignment Act of 2011. (*People v. Moreno* (2013) 218 Cal.App.4th 846, 849 [160 Cal.Rptr.3d 512]; *People v. Garcia* (2012) 209 Cal.App.4th 530, 540 [147 Cal.Rptr.3d 221].) But he was sentenced after the effective date of that act on July 19, 2012. Defendant contends his post-September 30, 2011 conduct credits should be calculated so he receives two days of conduct credit for every two days of time actually served. (§ 4019, subd. (f).) He reasons he is entitled to these credits based on the rule of lenity. (*In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553]; *People v. Ralph* (1944) 24 Cal.2d 575, 581 [150 P.2d 401], overruled on another point in *People v. Yates* (1983) 34 Cal.3d 644, 650 [194 Cal.Rptr. 765, 669 P.2d 1].) We respectfully disagree. We modify the award of presentence conduct credits but otherwise affirm the judgment.

## II. TESTIMONY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISCUSSION

### A. Defendant's Pro Se Evidentiary Insufficiency Contentions*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All future undesignated statutory references are to the Penal Code.

*See footnote, *ante*, page 432.

### B.   Excessive Conduct Credits

#### 1.   Rule of lenity

We requested and received letter briefs from counsel on whether defendant received excessive conduct credits. The parties agree defendant is entitled to only two days of conduct credit for every four days of actual custodial confinement for the time spent in custody prior to October 1, 2011. But defendant argues he is entitled to two days of conduct credit for each two days served in county jail after September 30, 2011.

Defendant committed his offense on June 1, 2011. The offense was committed prior to October 1, 2011, the effective date of Assembly Bill No. 1X 17 (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 35). (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 49–50 [149 Cal.Rptr.3d 313]; *People v. Garcia, supra,* 209 Cal.App.4th at p. 540.) Assembly Bill No. 1X 17, which is the current version of section 4019, applies prospectively to an offense committed on or after October 1, 2011. Section 4019, subdivision (h) provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

■   Since defendant committed his offense prior to October 1, 2011, Senate Bill No. 76 (2009–2010 Reg. Sess.) (Senate Bill No. 76), which amended former sections 2933 and 4019, contains the controlling presentence conduct credit provisions. (*People v. Garcia, supra,* 209 Cal.App.4th at pp. 535, 537–539.) Under former section 4019, as amended by Senate Bill No. 76, local prisoners were awarded two days of conduct credit for every four days in county jail. (Former § 4019, subds. (b) & (c), as amended by Stats. 2010, ch. 426, § 2; Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 76 (2009–2010 Reg. Sess.); *People v. Garcia, supra,* 209 Cal.App.4th at p. 537.) The Legislature explicitly stated: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Former § 4019, subd. (f), as amended by Sen. Bill No. 76.) Senate Bill No. 76 applied to prisoners in local custody for crimes committed on or after September 28, 2010. (Former § 4019, subd. (g), as amended by Sen. Bill No. 76; see *People v. Garcia, supra,* 209 Cal.App.4th at p. 538.)

■ Senate Bill No. 76 also amended section 2933 to award day-for-day conduct credit to certain prisoners in local presentence custody. (Former § 2933, subd. (e)(1), as amended by Stats. 2010, ch. 426, § 1, eff. Sept. 28, 2010.) But defendant had a prior conviction for robbery, a serious and violent felony. (§§ 667, subds. (b)–(i), 667.5, subd. (c)(9), 1170.12, 1192.7, subd. (c)(19).) Under former section 2933, subdivision (e)(3), as amended by Senate Bill No. 76, defendant's prior conviction barred him from receiving the day-for-day conduct credit. Former section 2933, subdivision (e)(3) states: "Section 4019, and not this subdivision, shall apply if the prisoner is required to register as a sex offender, pursuant to Chapter 5.5. (commencing with Section 290), was committed for a serious felony, as defined in Section 1192.7, or has a prior conviction for a serious felony, as defined in Section 1192.7, or a violent felony, as defined in Section 667.5." This provision remained in effect until October 1, 2011. (*People v. Garcia, · supra*, 209 Cal.App.4th at p. 538.) Thus, defendant's presentence conduct credit is calculated under former section 4019, as amended by Senate Bill No. 76. Based on the date defendant committed his offense, he was entitled to only two days of conduct credit for every four days of actual custodial confinement. Defendant is entitled to a total credit of 621 days consisting of 415 days for presentence custody and 206 days for conduct credits.

■ Defendant argues the rule of lenity requires us to award him presentence custody credit at two rates. As noted, defendant was arrested on June 1, 2011. Defendant argues between June 1 and September 30, 2011, he is entitled to six days of presentence custody credit for each four days of actual custody. But from October 1, 2011, to the July 19, 2012 sentencing, he should be awarded two days of conduct credit for two days of actual custody. The rule of lenity is inapplicable because there is no ambiguity in section 4019 as effective October 1, 2011. Section 4019, subdivision (h) provides: "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law." The Legislature expressly made the enhanced custody credit prospective, applicable to only those defendants who committed their offense on or after October 1, 2011. (*People v. Rajanayagam, supra*, 211 Cal.App.4th at pp. 51–52; *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1550, 1553 [145 Cal.Rptr.3d 24]; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395–396 [147 Cal.Rptr.3d 123].) Thus, the rule of lenity is inapplicable. Defendant is entitled to 621 days of custody credits consisting of 415 days of actual credits and 206 days of conduct credits.

2.  Equal protection*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## IV.  DISPOSITION

The judgment is modified to grant defendant credit for 415 days in presentence custody and 206 days of conduct credits for total credits of 621 days. The judgment is affirmed in all other respects. Upon remittitur issuance, the superior court clerk is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

Mosk, J., and Kumar, J.,† concurred.

On October 10, 2013, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 18, 2013, S214484.

---

*See footnote, *ante*, page 432.

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.